UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HARRELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1673** |
| **HOME DEPOT, U.S.A. INC.** | **SECTION "L" (1)** |

## ORDER AND REASONS

Before the Court is Plaintiff Cheryl Harrell's motion to remand. R. Doc. 11. Defendant Home Depot opposes the motion. R. Doc 18. Considering the briefing of the parties, the record, and the applicable law, the Court now rules as follows.

I.  BACKGROUND

This case arises from personal injuries allegedly sustained by Plaintiff Cheryl Ann Harrell during an incident at Home Depot USA Inc.'s ("Defendant's" or "Home Depot's")[1] store in LaPlace, Louisiana ("the Store") in which a shoplifter allegedly struck and shoved Harrell while attempting to flee from the Store. R. Doc. 1 at 1-2.

Plaintiff alleges that around 9:00 a.m. on November 18, 2020, she was shopping at the Store. *Id.* Plaintiff had gathered her items and was headed toward the Store's checkout counter when a cashier named Lexus[2] shouted, "I can't believe he is here again. I recognize the truck." Harrell asked the cashier who was at the store, and Lexus replied that it was "the same guy who

---

[1] Plaintiff's pleading also names as a defendant Home Depot's liability insurance carrier, referred to as "XYZ Insurance Company" in the state court petition. R. Doc. 1-2 at 1.

[2] Plaintiff's state court petition does not provide a last name for this individual.

stole merchandise from the store yesterday." Plaintiff told the cashier that "she should call someone concerning this issue." *Id.*

The purported shoplifter then "arrived at the checkout counter, attempting to walk out." *Id.* Lexus, the cashier yelled, "Not this time. I need to see your receipt!" *Id.* The purported shoplifter allegedly "picked up some items he was attempting to steal and ran to the front door. In his attempt to escape, he struck [Harrell] on the back and shoulder with an object and shoved her up against a shopping cart," causing her fingers and arm to be "shoved and caught in the handle of the shopping cart." *Id.*

After the incident, Harrell alleges that she "was advised"[3] that she would be contacted by the manager of the Store. However, no one from Home Depot ever contacted her. *Id.* Plaintiff also alleges that she offered to provide a written statement but was told by Lexus that the Store covered the incident on its security camera and therefore did not need a report from her. *Id.* Plaintiff requested the security footage from the Store but was not provided with the video. *Id.*

As a result of the incident, Harrell alleges that she has sustained spine and shoulder injuries as well as rib and head pains. *Id.* at 3. Specifically, Plaintiff alleges the following injuries: "disc fusion C4-5, ACDF C3-4 and C5-6 with some metal artifact partially obscuring those disc[s], small disc osteophyte complex 6-7 with mild thecal sac effacement, adhesive capsulitis of right shoulder, rib pain, and headaches." *Id.* at 3. Plaintiff claims that Home Depot is liable for her injuries due to its negligence in failing to secure the store against a dangerous individual and failing to have a plan in place to prevent employees and customers from being

---

[3] Plaintiff's pleading does not specify who "advised" her that she would be contacted by a representative of the Store.

2

injured by a dangerous individual. *Id.* at 2-3. Plaintiff also alleges that, at all relevant times, Home Depot had in effect an insurance policy issued by XYZ Insurance Company. *Id.*

Plaintiff filed this action on November 17, 2021 in the 40th Judicial District Court for the Parish of St. John the Baptist. R. Doc. 1 at 1. Defendant filed an answer to Plaintiff's petition in state court on February 18, 2022, generally denying Plaintiff's allegations and raising a number of affirmative defenses. R. Doc. 11-2 at 1.[4] On June 8, 2022, Defendant removed the case to this Court on the basis of diversity jurisdiction. R. Doc. 1.[5]

## II.  PRESENT MOTION

Plaintiff moves to remand this action to state court. R. Doc. 11. Plaintiff argues that removal was untimely because Home Depot's answer, which was filed on February 18, 2022, was the first document indicating that there was a basis for federal jurisdiction and that Home Depot failed to remove this case within 30 days of filing its answer. R. Doc. 11-1 at 2-3.

Home Depot opposes the motion, contending it should be denied for two independent reasons. R. Doc. 18. First, Home Depot argues that Plaintiff's motion is untimely because Plaintiff filed her motion more than 30 days after Home Depot filed its notice of removal. Second, Home Depot argues that it timely removed this matter to federal court based on diversity jurisdiction within 30 days of receiving post-accident medical records from Plaintiff indicating that the amount in controversy exceeds $75,000.

---

[4] Defendant contends that its answer in state court was filed on February 14, 2022. R. Doc. 18 at 2. Although the certificate of service—which was filled out by defense counsel—states that the pleading was served on opposing counsel on that date, the document reflects it was in fact filed by the Clerk of Court on February 1, 2022. R. Doc. 11-2 at 1, 4.

[5] Plaintiff is a citizen of Louisiana, while Defendant is a citizen of Delaware and Georgia.

3

**III. DISCUSSION**

Plaintiff moves to remand the action to state court, arguing that Home Depot's removal was untimely. However, the Court does not reach this question as it finds that Plaintiff's own motion is untimely and therefore must be denied.

Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." In this case, Plaintiff merely challenges the timeliness of removal and does not argue that there is a want of subject matter jurisdiction.[6] Because Harrell challenges a purported procedural defect in the removal proceedings, the plain terms of § 1447(c) required that she file her motion to remand within 30 days of Home Depot's filing of its notice of removal. *See BEPCO, L.P. v. Santa Fe Mins., Inc.*, 675 F.3d 466, 471 (5th Cir. 2012) (holding that "the statutory language [of § 1447(C)] is unambiguous, and therefore must be enforced according to its terms").

Here, Home Depot filed its notice of removal on June 8, 2022. Plaintiff did not file her motion to remand until July 26, 2022—48 days after the notice of removal was filed. Accordingly, Plaintiff's motion to remand is untimely. *See* 28 U.S.C. § 1447(c). Thus, Plaintiff has waived her non-jurisdictional challenge to Home Depot's removal, so her motion to remand must be denied. *See, e.g.*, *In re Shell Oil Co.,* 932 F.2d 1518, 1522-23 (5th Cir.1991) (denying motion to remand and holding that plaintiffs waived their objection to a procedurally improper removal by waiting 33 days to move for remand); *Fenelon v. Duplessis*, No. CIV. A. 91-0810,

---

[6] Ironically, Plaintiff cites 28 U.S.C. § 1447(c) as the pertinent provision governing the timeliness of removal. However, that provision actually applies to the timeliness requirements imposed on plaintiffs like Harrell who seek to remand a matter to state court. The timeliness requirements for defendants like Home Depot that seek to remove a case from state court to federal court are located in 28 U.S.C. § 1446(b).

1991 WL 99391, at *1 (E.D. La. May 28, 1991) ("Plaintiff's motion is based on a procedural defect in the removal proceedings, as opposed to a jurisdictional defect. . . . Because plaintiff's motion to remand was filed more than thirty days after defendants filed the petition to remove, plaintiff's motion is untimely and cannot be considered.")[7].

### IV.  CONCLUSION

For these reasons,

**IT IS ORDERED** that Plaintiff's motion to remand, R. Doc. 11, is **DENIED**.

New Orleans, Louisiana, this 30th day of August, 2022.

**UNITED STATES DISTRICT JUDGE**

---

[7] Because the untimeliness of Plaintiff's motion to remand constitutes an independent basis for denying the motion, the Court need not reach the issue of whether Home Depot filed its notice of removal within 30 days of having grounds to believe that federal subject matter jurisdiction existed.